UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

    Plaintiff,

  v.

DON GUANTZ,

    Defendant.

CASE NO. C13-5785 RBL-JRC

ORDER

  The District Court has re-referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

  The District Court re-referred the action on November 5, 2013. There were a number of motions filed and noted for hearing before November 5, 2013 (ECF No. 6, 12, 13, 14, 17, 18, 21, and 23). The Court can address some of these motions in an order. Other motions plaintiff filed must be addressed by a Report and Recommendation and pursuant to the December 2004, case management order the Court will need to call for a response and re-note one motion.

ORDER - 1

The first matter is defendant's motion for a more definite statement (ECF No. 6). Plaintiff alleges that he did not receive a copy of this motion, but he also admits to having Alzheimer's disease (ECF 22). In a later pleading, he admits that he received the pleading, but claims he received it September 18, 2013 (ECF No. 24). Further, plaintiff has filed a proposed second amended complaint (ECF No. 20). Plaintiff did not file a motion asking for leave of Court to file the second amended complaint. Furthermore, the proposed second amended complaint is not more definite and, for instance, fails to notify defendant of the dates that plaintiff alleges incidents occurred. The Court grants the motion for a more definite statement. Plaintiff will file a "third amended complaint" that gives dates of the incidents that plaintiff alleges gives rise to liability. This document will be due on or before December 13, 2013.

The second matter before the Court is plaintiff's motion for default judgment (ECF No. 13). Plaintiff asks the Court to find defendant Guantz in default. At the time this motion was filed, defendant Guantz had a motion for a more definite statement pending before the Court (ECF No. 6). A motion for a more definite statement is a pleading that defendant may file before the filing of a responsive pleading. *See,* Fed. R. Civ. P. 12(e). Plaintiff's motion is without merit because defendant need not file a responsive pleading until the motion for more definite statement is resolved. The Court will prepare a Report and Recommendation regarding this filing.

The third matter before the Court is plaintiff's motion for "Anti-Harassment motions and request for appointment of counsel (ECF No. 14). The first portion of plaintiff's request does not comport with the December, 2004 case management order regarding plaintiff's future filings (ECF No. 5, p. 3 ¶ 11). In filing a request for a temporary restraining order, plaintiff must comply with Fed. R. Civ. P. 65(b)(2) and outline for the Court his alleged injury, why his injury

is irreparable; against whom the relief is requested; and the specific terms of relief requested (ECF No. 5, p. 3 ¶ 11). Here, plaintiff is seeking injunctive relief without filing a motion for a preliminary injunction or outlining any irreparable injury. Pursuant to the case management order, no further action will be taken on this part of the motion. *See* (ECF No. 5, ¶ 11).

In the second part of the motion plaintiff asks for appointment of counsel. This is plaintiff's first request for appointment of counsel in this matter. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn,* 789 F.2d at 1331.

Plaintiff has articulated a claim for a violation of his First Amendment rights because of censorship (ECF 1-2 amended complaint p. 1). While plaintiff attempts to raise other issues in his proposed amended complaint, that document is not properly before the Court because this Court has now granted defendant's motion for more definite statement. The Court is not in a position to evaluate the likelihood of success on the merits until plaintiff complies with the order to file a third amended complaint.

The Court denies plaintiff's motions for appointment of counsel because plaintiff appears able to prosecute his action. He is able to articulate his claim, which is not complex. Plaintiff's civil commitment and the fact that he faces burdens in proceeding with this action do not entitle him to an attorney.

1	Plaintiff's next motion (ECF No. 17) is a motion for a temporary restraining order. In his
2	motion, plaintiff states that Becky Denny is a "newly added defendant" (ECF No. 17, p.1). When
3	this action was removed from state court it contained only one defendant -- Don Guantz.  As
4	Becky Denny is not currently a party to this action, she cannot be the subject of a motion for a
5	temporary restraining order.  Therefore, plaintiff's motion is denied.

6	In plaintiff's motion for a temporary restraining order, plaintiff states that he is not
7	getting copies when he submits "briefs and exhibits or evidence or discovery." (ECF No. 17,
8	p.1).  Plaintiff asks the Court to order unit staff to make his copies. The Court orders defendant
9	Guantz to provide a response to this motion.  The matter is re-noted for December 6, 2013, and
10	defendant Guantz may respond to the motion by November 22, 2013. Plaintiff may reply by
11	November 29, 2013.

12	Plaintiff's next motion is a request to conduct discovery, (ECF No. 18). In a "supplement
13	to this motion plaintiff states that he also wishes to conduct no[sic] stenographic depositions"
14	(ECF N0. 25).  Plaintiff needs leave of Court to conduct discovery because of the April 2, 2005,
15	order adopted by the District Court Judges in multiple cases. (*See*, *Scott v. Seling* C04-5147RJB
16	(ECF No. 170, ¶ 4)).  Under the terms of that case management order, plaintiff must submit
17	written discovery to the Court for prior approval.  The Court notes that plaintiff served discovery
18	on persons under the superior court cause number in this case before it was removed. The Court
19	does not know when this discovery was served (ECF No 18. p. 1 (copy of discovery attached to
20	ECF No. 25)). Plaintiff does not have leave of Court to serve any discovery in this action.  The
21	Court denies plaintiff's motion to conduct discovery. This order is entered without prejudice.
22	After plaintiff has filed his amended complaint and after the Court has ruled on outstanding
23	reports and recommendations, plaintiff may renew this request. Plaintiff must comply with the
24

1 Court's April 5, 2005 order that requires him to submit written discovery for prior approval (*See*,
2 *Scott v. Seling* C04-5147RJB (ECF No. 170, p. 4)).

3 Plaintiff previously asked for signed subpoenas so he could conduct depositions (ECF
4 No. 12). The Court has not authorized plaintiff to take depositions in this action. This request is
5 denied at this time for the reasons stated above.

6 In plaintiff's next motion he asks for a restraining order that would prevent SCC staff
7 from not accepting and processing outgoing legal mail and prevent them from "ever turning off
8 the phones, especially the legal phones, except when someone was being arrested." (ECF No.
9 21). This motion does not comply with the December 2004, case management order (ECF No.
10 5). Plaintiff must comply with Fed. R. Civ. P. 65(b0(2 (ECF No. 5, p. 3 ¶ 11). Here, plaintiff
11 complains of an event that occurred on one day, September 17, 2013. He does not claim any
12 irreparable injury or claim that the phones remained turned off for any length of time. In
13 accordance with the case management order, this pleading will remain in the file without further
14 action.

15 The final motion that is ripe for review is a motion to suspend or modify the case
16 management orders in this action (ECF NO. 23). Plaintiff maintains that the orders were entered
17 because defendants misrepresented that child pornography was found on plaintiff's computer
18 (ECF No. 23, p. 1). Plaintiff's statement to the Court is a gross misrepresentation of the events
19 that led to the Court's entry of the case management orders and ultimately a bar order.

20 The December 8, 2004 case management order was the result of improper litigation
21 practices that are outlined in the October 27, 2004, Report and Recommendation co-authored by
22 Magistrate Judges Arnold and Strombom. (*See, Scott v. Seling*, C04-5147RJB (ECF No. 130).
23 Plaintiff's practices included: filing numerous documents before the complaint had been served
24

1 or defendants had appeared; filing the same motion in multiple actions; requesting subpoenas in
2 blank and then using them "in an unacceptable manner" (*id*.); filing double sided pleadings with
3 cause numbers on both sides; violating orders staying cases and continuing to file motions; and
4 the filing of "supplemental response" and "additional supplemental responses" to motions in
5 violation of Local Rule 7(b)(1, 2, and 3). The Court notes that in this case plaintiff filed
6 supplemental responses and supplements to motions (ECF No. 24 and 25).

7       The Court's reasons for entering the April, 2005 case management order were set forth in
8 a Report and Recommendation co-authored by Magistrate Judges Arnold and Strombom on
9 March 1, 2005 (*See, Scott v. Seling*, C04-5147RJB (ECF No. 169, pp. 4- 22).  Plaintiff's conduct
10 included his filing numerous improper pleadings that contained improper allegations against the
11 judiciary and personal attacks on defense counsel.

12       None of the Court's reasons for the case management orders appear to have anything to
13 do with plaintiff's computer or what was allegedly on it. Plaintiff's motion to suspend or modify
14 the case management orders is denied.

15       Dated this 8th day of November, 2013.

_____

J. Richard Creatura
United States Magistrate Judge